**Thurman Clay BARRETT, Petitioner,**

v.

**Jim ROSE, etc., Respondent.**

**No. CIV-2-74-30.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 19, 1974.

R. A. Ashley, Jr., Atty. Gen., of Tenn., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a *pro se* application by the petitioner Mr. Barrett for the federal writ of habeas corpus. He claims he is in custody of the respondent pursuant to the judgment of April 29, 1971 of the Criminal Court of Sullivan County, Tennessee, in violation of the Constitution, Fourteenth Amendment. 28 U.S.C. § 2254(a).

The applicant claims he has exhausted his state remedies; however, such does not appear to be the case. The question which the applicant undertakes to present to this Court was presented to the Criminal Court of Sullivan County, Tennessee. Such application to the state hearing court was dismissed, and such dismissal was affirmed on appeal by the Court of Criminal Appeals of Tennessee. The Tennessee Supreme Court granted the applicant's petition for certiorari. That Court recognized that the applicant attempted to present the issue, whether a fixed sentence for 20 years under the Tennessee Armed Robbery Statute, T.C. A. § 39-3901, became an indeterminate sentence under the Tennessee Indeterminate Sentence Law, T.C.A. § 40-2707, when the death penalty was abolished by Furman v. Georgia (1972), 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, rehearing denied (1972), 409 U.S. 902, 93 S.Ct. 89, 90, 34 L.Ed.2d 164, but concluded that the jurisdiction of the Tennessee courts had not been properly invoked by Mr. Barrett to raise such question. That Court stated in a per curiam that Mr. Barrett has a right to attack his sentence in the courts of Tennessee if his pleading is put into proper form.

It accordingly appears that Mr. Barrett has a right under the law of Tennessee to raise by an available procedure the question presented here. 28 U.S.C. § 2254(c). This Court will not grant an application for a federal writ of habeas corpus unless it appears that the applicant has exhausted the remedies availa-

ble in the courts of the state. 28 U.S.C. § 2254(b).

For such reason, the petitioner hereby is denied all relief, Rule 58(1), Federal Rules of Civil Procedure, without prejudice to his reapplying to this Court if he has not been accorded relief after exhausting his state remedies.